# CHARLESTON.

BROWN & *Hill* v. McCABE.

Submitted September 11, 1912.   Decided February 25, 1913.

REFORMATION OF INSTRUMENTS—*Grounds—Mistake.*

    A deed will not be corrected and reformed for alleged mutual mistake therein, except upon evidence clear, convincing, and free from reasonable doubt.   (p. 108).

Appeal from Circuit Court, Randolph County.

Bill in equity by M. M. Brown and another, partners doing business as Brown & Hill, against Thomas McCabe. From a decree for plaintiffs, defendant appeals.

*Affirmed.*

*E. A. Bowers,* for appellant.

*W. B. & E. L. Maxwell,* for appellees.

72 W. Va.

MILLER, JUDGE:

The decree appealed from was that defendant pay plaintiffs nine hundred and thirty-seven dollars and seventy-six cents.

Plaintiffs' right of action was based on the provisions of a contract and deed for the sale and conveyance of certain timber on a tract of land in Randolph County. The provision in the deed is: "It is understood and agreed that the taxes upon the property herein conveyed until the same shall be removed shall be paid in equal shares by the party of the first part and the party of the second part for the period of six years, and after six years shall be paid by the party of the second part as long as he shall remain in possession of said land, but the party of the second part shall not be liable for any taxes levied or assessed against the land owing to increased valuation of the same by reason of the presence therein or operation thereon for oil, coal, gas or other valuable minerals, or liable for any of the taxes after the said property has been removed and he has given up possession." The provision of the contract is: "It is agreed that the taxes upon the said timber, until removed shall be paid by the parties of the first & second part for 6 years, and the said second party shall, at the termination of the said operation of said tract of timber, shall have the right to remove any and all improvements placed upon said land."

Defendant filed a cross-answer alleging mutual mistake in the deed and contract, and sought reformation thereof. It is charged in the answer for cross-relief "that when said contract was entered into it was known and recognized by this defendant and said plaintiff M. M. Brown that the said real estate consisting of land and standing timber was assessed for taxes as an entirety, or as land in fee simple in its general significance, embracing all timber, mineral and surface, as well as all else; and anticipating no change in the method which then obtained of assessing said property, it was the understanding and clear intention of the parties that the taxes on said land should be borne or shared, for the ensuing period of six years, by this defendant and said M. M. Brown in such manner as would result in said Brown paying the tax on what he would own, namely, the timber, and should likewise result in said McCabe paying the tax

on what he continued to own, namely, the land exclusive of the timber." And that to have clearly expressed the agreement the contract and deed should have provided substantially as follows: "It is understood and agreed that the taxes upon the said land, containing the timber hereby conveyed, until the said timber shall be removed, shall be paid by the parties hereto in such manner as will result in said party of the first part paying the tax on the land, exclusive of the timber, and in the party of the second part paying the tax on said timber; and to effect this intention, the tax on said land so long as said timber shall not be assessed separately from the land, shall be paid in equal shares by the party of the first part and the party of the second part, for the period of six years; and if the said timber shall be assessed separately from said land, then for said period of six years, or for the unexpired portion thereof, after such separate assessments shall be made and continue, said party of the second part shall pay the taxes levied or assessed against said timber, and the first party shall pay the taxes levied or assessed against said land exclusive of said timber. But after the expiration of the said period of six years, and so long as the party of the second part shall remain in possession of said land, the party of the second part shall pay the taxes levied or assessed against both land and timber regardless of whether they are assessed separately or as an entirety. But in no event shall the party of the second part be liable for any taxes levied or assessed against said land owing to increased valuation of the same by reason of the presence therein or operation thereon for oil, coal, gas or other valuable minerals, or liable for any of the taxes after the said timber has been removed and he has given up possession."

And the prayer of the answer is that the contract and deed be corrected accordingly, and defendant wholly relieved from liability, and that the attachment be dismissed and discharged.

To this cross-answer plaintiff replied generally and specially, denying mutual mistake, but insisting that the contract and deed, both prepared by defendant or his counsel, contain the contract as made, and pleading and relying thereon.

The evidence offered by defendant in support of his claim of mutual mistake consisted of his own oral testimony, that of his

lawyer who prepared the contract and deed, two deeds drafted in execution of the contract tendered plaintiff, but not accepted, and the testimony of one Harding, an attorney, once representing defendant, to the effect that on one occasion, when plaintiff Brown was demanding payment of one-half the taxes on the timber and while examining the record of the deed in the clerk's office, and particularly that provision requiring McCabe to pay one-half the taxes on the property conveyed, being the timber, Brown said that was not the intention of the deed, and that he did not want to collect anything from McCabe on account of the taxes on the timber, that the understanding was that each should pay the taxes on his own property, he on the timber, McCabe on the land not including timber. At the time of this conversation, as Harding admits, Brown had paid the taxes on the timber assessed separately. Harding's recollection of Brown's language is not consistent with Brown's demand then being made for half the taxes paid. The provisions of the two deeds not accepted, but for other reasons it is said that the tax provisions, were substantially alike and as follows: "It is understood that the second party is to pay one half of all taxes assessed or levied on said land except such taxes as may be assessed or levied owing to increased valuation of said land by reason of operation thereon for oil, gas, coal and other valuable minerals or owing to increased valuation through the presence of oil, gas, coal and other valuable minerals upon or under the said lands, for six years from the acceptance of this deed and all the taxes thereafter for as long as he is in possession of the same, except such as are assessed and levied on account of oil, gas, coal and other valuable minerals as aforesaid."

The court below in a written opinion, denied relief on the cross-answer, concluding from the evidence, oral and documentary, that mutual mistake had not been made out by evidence clear, convincing and free from reasonable doubt, required in such cases. In this conclusion we think the court was clearly right. The court was of opinion that the eighth paragraph of defendant's answer, being the first paragraph above quoted, furnished the key to the whole controversy; that was that at the time of the contract and deed, it was not anticipated by the parties that the timber would be assessed separately from the land

or the land from the timber, and from the oral evidence and admissions in the pleadings, and from the provisions in the two deeds tendered but not accepted relating to the taxes, as quoted, the court concluded that the deed of July 27, 1904, the one accepted, properly interpreted, contains the real contract between the parties respecting taxes. The court refers to a clause in the contract of May 6, 1904, referring to the "payment of taxes on the land conveyed", which the court thought was in accord with the provisions in the deed, and that this conclusion was strengthened by the provisions in the two deeds tendered but not accepted, relied on, and that these provisions in contract and deeds, all prepared by defendant or his attorney, were wholly inconsistent with the theory of mutual mistake and right of reformation, and we think rightly decreed, that the proper construction of the provision of the deed, required of defendant payment of one-half the taxes on the property conveyed, that property being the timber, bark, wood and trees standing, lying and being on the tract of land described therein. Our conclusion, therefore, is to affirm the decree.

*Affirmed.*